RECORD NOS. 13-1996(L), 13-1997 XAP

In The

# United States Court of Appeals

## For The Fourth Circuit

## CENTRAL RADIO COMPANY INC.;
## ROBERT WILSON; KELLY DICKINSON,

*Plaintiffs – Appellants/Cross-Appellees*,

**v.**

## CITY OF NORFOLK, VIRGINIA,

*Defendant – Appellee/Cross-Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## AT NORFOLK

––––––––––––––

## REPLY BRIEF OF APPELLEE/CROSS-APPELLANT

––––––––––––––

Adam D. Melita
CITY ATTORNEY'S OFFICE
810 Union Street
Norfolk, Virginia 23510
(757) 664-4366

*Counsel for Appellee/Cross – Appellant*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................... ii

ARGUMENT ..........................................................................................1

    I.      THE NEGLECT COMMITTED BY CENTRAL RADIO INVOLVES ITS FAILURE TO CONFIRM THAT THE FILING WAS COMPLETED ..............................................................1

    II.    THE REASONS FOR CENTRAL RADIO'S FAILURE TO TIMELY FILE DO NOT CONSTITUTE "EXCUSABLE NEGLECT" ........................................................................3

          A.    The failure to seek confirmation of the filing until *after* the deadline does not constitute "excusable neglect" .................3

          B.    The authority relied upon by Central Radio is readily distinguished from the instant case ...........................................10

CONCLUSION .....................................................................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abuelyaman v. Illinois State Univ.*,
    667 F.3d 800 (7th Cir. 2011) ...........................................................14, 15, 17

*Abuelyaman v. Illinois State Univ.*,
    No. 07-1151, 2010 WL 4365829 (C.D. Ill. Oct. 25, 2010) ..........................13

*Ash Trucking Co., Inc. v. Global Indus. Technologies, Inc.*,
    No. 07-1443, 2008 WL 437028 (W.D. Pa. Feb. 14, 2008) .............8, 9, 19, 21

*Bailey v. Va. High Sch. League, Inc.*,
    488 F. App'x 714 (4th Cir. 2012).................................................................11

*Cheney v. Anchor Glass Container Corp.*,
    71 F.3d 848 (11th Cir. 1996) ........................................................................17

*Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*,
    591 F.3d 1337 (11th Cir. 2009) ....................................................................17

*Curry v. Eaton Corp.*,
    400 F. App'x 51 (6th Cir. 2010)............................................................15, 16

*Curry v. Eaton Corp.*,
    No. 1:07-CV-5-R, 2008 WL 4542308 (W.D. Ky. Oct. 9, 2008) ..................15

*Evans v. United Life & Acc. Ins. Co.*,
    871 F.2d 466 (4th Cir. 1989) .......................................................................17

*Fernandes v. Craine*,
    No. 13-1298, 2013 WL 4427809 (4th Cir. Aug. 20, 2013)....................18, 19

*Gilda Indus., Inc. v. United States*,
    511 F.3d 1348 (Fed. Cir. 2008) ..............................................................12, 13

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*,
    243 F.3d 560, 2000 WL 1375270 (Fed. Cir. 2000)......................................12

*In re KMart Corp.*,
    381 F.3d 709 (7th Cir. 2004) ...................................................................9, 21

*In re Sands*,
    328 B.R. 614 (Bankr. N.D.N.Y. 2005)....................................................9, 21

*James v. Jacobson*,
    6 F.3d 233 (4th Cir. 1993) ...........................................................................16

*Kucik v. Yamaha Motor Corp., U.S.A.*,
    No. 2:08-CV-161-TS, 2009 WL 3401978 (N.D. Ind. Oct. 16, 2009).....18, 19

*McGee v. Va. High Sch. League, Inc.*,
    No. 2:11cv00035, 2011 WL 4501035 (W.D. Va. Sept. 28, 2011)..........11, 12

*McGee v. Va. High Sch. League, Inc.*,
    No. 2:11cv00035, 2011 WL 6012937 (W.D. Va. Dec. 2, 2011) ............11, 12

*New York Times Co. v. U.S. Dep't of Homeland Sec.*,
    No. 12 Civ. 8100(SAS),
    2013 WL 2952012 (S.D.N.Y. Sept. 13, 2013) ...............................7, 8, 19, 21

*Ragguette v. Premier Wines & Spirits*,
    691 F.3d 315 (3d Cir. 2012) .................................................................*passim*

*Redfield v. Cont'l Cas. Corp.*,
    818 F.2d 596 (7th Cir. 1987) .......................................................................14

*Robinson v. Wix Filtration Corp. LLC*,
    599 F.3d 403 (4th Cir. 2010) ....................................................................3, 7

*Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*,
    506 U.S. 194, 113 S. Ct. 716 (1993) .............................................................2

*Salts v. Epps*,
    676 F.3d 468 (5th Cir. 2012) ................................................................16, 17

*Symbionics Inc. v. Ortlieb*,
　　432 F. App'x 216 (4th Cir. 2011) .................................................15, 16, 17, 21

*Thompson v. E.I. DuPont de Nemours & Co., Inc*.,
　　76 F.3d 530 (4th Cir. 1996) ........................................................14, 17, 18, 21

*United States v. City of Warren*,
　　138 F.3d 1083 (6th Cir. 1998) ......................................................................16

*United States v. Commonwealth of Va.*,
　　508 F. Supp. 187 (E.D. Va. 1981) ................................................................17

*United States v. Reyes*,
　　759 F.2d 351 (4th Cir. 1985) ........................................................................14

*Wag More Dogs, Ltd. Liab. Corp. v. Cozart*,
　　680 F.3d 359 (4th Cir. 2012) ..........................................................................7

## RULE

Fed. R. App. P. 4(a)(5) .....................................................................................9, 12

## OTHER AUTHORITIES

*U.S. Dist. Ct. E. Dist. of Va. Electronic Case Filing*
*Policies and Procedures* (Nov. 1, 2010) .......................................................20

## ARGUMENT

### I. THE NEGLECT COMMITTED BY CENTRAL RADIO INVOLVES ITS FAILURE TO CONFIRM THAT THE FILING WAS COMPLETED.

As the cross-appellant, City of Norfolk (hereinafter "City"), highlighted in its opening/response brief, Central Radio's failure to timely file a notice of appeal was *not* solely attributable to a computer user error. The neglect includes Central Radio's attorneys' inaction, particularly their failure to confirm the claim made by a paralegal (Ms. Perez) that she had completed the filing. (Br. of Appellee/Cross-appellant 11, 16-18, 21). The district court specifically identified this lapse, which it incorporated into its narrative of the relevant facts:

> On June 11, 2013, counsel for the Plaintiffs instructed staff to file a notice of appeal in this case. Staff proceeded with submitting payment of the filing fee, but then stopped, incorrectly believing the transaction to be complete. Staff then informed counsel that the notice of appeal had been filed. *Counsel did not confirm this report. Instead, he waited to receive a notice from the Fourth Circuit that the appeal had been docketed*.

(J.A. 1327) (emphasis added). And later in the written opinion, as part of the court's analysis, it again noted that "counsel failed to seek confirmation until after the deadline for appeal had expired." (J.A. 1329). This failure was expressly identified as a contributing element to the late filing: "The delay was caused by a

1

mistake by counsel's paralegal, *and counsel failed to timely check whether the notice of appeal was properly filed.*"  *Id.* (emphasis added).[1]

Thus, the question of whether the district court erred when it found Central Radio's neglect to be excusable cannot be answered solely by judging the actions of the paralegal who mishandled the electronic filing.  It must also judge the decision of counsel to stand idle for days, despite having received the conflicting information of (1) an e-mail from staff claiming that the notice was filed, (J.A. 1317), but (2) *no* e-mail from the court's CM/ECF electronic filing system confirming such, (J.A. 1311 ¶ 7).

In other words, the question is not simply whether *Perez's* error was excusable, but also requires an analysis of whether the *attorneys'* inaction is also excusable.  After all, it is they who bear all responsibility for representing Central Radio Company, Inc. before these courts.  *See Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.").  And when

---

[1]  Central Radio oversimplifies the reason behind the neglect it seeks to have excused, claiming that it stemmed from "reliance on the court's ECF filing system," which it says caused an e-mail to be sent confirming receipt of a credit card payment but which did not "return Ms. Perez to the ECF system to take any additional steps."  (Resp. and Reply Br. of Appellants/Cross-appellees 19).  As the district court accurately observed, the facts clearly showed that the attorneys' failure to confirm the filing until after the deadline had passed was also to blame.

engaged in legal representation, attorneys owe their clients, the courts, and the profession generally an obligation to "pay attention" and to "act with reasonable diligence and promptness." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 n.7 (4th Cir. 2010).

It is with this framework in mind that we reply to Central Radio's arguments regarding the excusability of its failure to timely file an appeal.

## II.  THE REASONS FOR CENTRAL RADIO'S FAILURE TO TIMELY FILE DO NOT CONSTITUTE "EXCUSABLE NEGLECT."

> A.  <u>The failure to seek confirmation of the filing until *after* the deadline does not constitute "excusable neglect."</u>

While Central Radio presents arguments and legal citations in its response/reply brief that attempt to persuade this Court that Ms. Perez's computer mistake constitutes excusable neglect, (Resp. and Reply Br. of Appellants/Cross-appellees 12-19), it offers no response to the City's assertion that its attorneys' failure to confirm the filing and their decision, instead, to wait until a notice of docketing the appeal was received evinces just the sort of inattentiveness that does not qualify as "excusable neglect", (Br. of Appellee/Cross-appellant 16-18, 21). Perhaps this approach is born out of Central Radio's desire to remain consistent with its position—albeit one unsupported by the facts—that *all* blame for failing to

3

file before the deadline was due to "reliance on the court's ECF filing system…."[2] (*See*, Resp. and Reply Br. of Appellants/Cross-appellees 19).

Whatever the reason why Central Radio ignores that aspect of its tardiness attributable to its attorneys' failure to confirm Perez's report, it is readily apparent that this Court—and most other federal Circuits—do not subscribe to the view that the "excusable neglect" rule forgives a party's failure to confirm a filing that it might have thought was completed but, in fact, was not.

Particularly instructive, because its facts are so similar, is the case of *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315 (3d Cir. 2012). In that case, an attorney, Lee J. Rohn, prepared a document identifying certain issues for appeal and passed it along to the secretary on the case. *Id*. at 317. However, the appeal was not timely filed. *Id*. The staff member who received the document scanned it into the system but neither prepared nor filed the notice of appeal. *Id*. at 318. The attorney acknowledged that she misused her firm's computer system by failing to initiate a task for a subordinate through the Outlook computer program that would have enabled her to confirm that the task had been done. *Id*. at 320. Despite committing this computer error, the attorney held a sincere belief that "the notice of appeal had been filed given the fact that she 'instructed that it be filed' and 'gave the document to the motions clerk to assign it and to do the notice of

---

[2]   The record reveals no evidence that the CM/ECF system malfunctioned in any way. (J.A. 1329).

4

appeal….'" *Id*. at 321. In other words, she believed that proving she *intended* to file the appeal should be sufficient to establish "excusable neglect."

Upon a motion by the tardy party, the district court granted an extension allowing the appeal to be filed after the 30-day deadline. *Id*. In doing so, the court expressly found that the delay was not inordinate, there was no bad faith, and no actual harm to the other party was demonstrated. *Id*. at 322. And as for the reason for the delay, the district court concluded that "the failure to file the notice of appeal was caused by attorney inadvertence—specifically Rohn's failure 'to complete an additional step in the computer process in her office'…." *Id*. at 328.

Finding that the neglect was *not* excusable, *id*. at 333-34, the Third Circuit Court of Appeals reversed and dismissed the matter for lack of appellate jurisdiction, *id*. at 322. In so doing, the court conducted a thorough review of the "excusable neglect" doctrine before applying the law to the matter before it. In its recapitulation of the relevant facts, the similarities between this case and Central Radio's are readily apparent:

> Turning to the more significant matter of the ECF system, we do acknowledge that attorneys, especially well-established lawyers like Rohn, could have difficulties adjusting to this mechanism of electronic case filing (as well as other computer procedures). However, it is also undisputed that Rohn herself had previously registered as an ECF user sometime before the beginning of 2010. Rohn (or at least someone in her office using her ECF account) has actually filed numerous documents in this heavily litigated case via the ECF system since September 2007. If a notice of appeal had actually been filed (as Rohn evidently believed it had been), a notice

5

of such a filing would have immediately been sent via e-mail to any and all attorneys who had previously entered an appearance in the District Court proceeding. Accordingly, Rohn should have known that no notice of appeal had been filed because neither Rohn nor any other attorneys from her firm who had entered an appearance in this case ever received any notice of such a filing. *Having not received such a notice, any reasonably competent attorney would have looked into whether a notice of appeal had been properly filed….*

*Id.* at 329 (emphasis added).

Central Radio's attorneys stood in the same position with the same information as Ragguette's attorney. Both of them were faced with an unexplained, unreconciled discrepancy between their belief that the notice had been filed and the reality that no confirmation of filing had been received via the CM/ECF system. In *Ragguette*, Ms. Rohn explained that her failure to appreciate this patent inconsistency was due to the fact that ECF e-mails that came into her office were diverted to someone else such that she "herself 'wouldn't have gotten an ECF back.'" *Id.* at 329.

Interestingly, two of Central Radio's three attorneys registered in the CM/ECF system as counsel of record before the district court do not explain why they elected to stand idle for several days while that failsafe indicia of a successful filing—the NEF confirmation email—was nowhere to be found. The third offered something like an excuse. Mr. Frommer stated that "I mistakenly believed that because a notice of appeal that is filed in the district court causes jurisdiction of the case to be transferred to the Fourth Circuit, the next confirmation I would receive

6

would be in the form of the docketing notice issued by the Fourth Circuit." (J.A. 1311 ¶ 7). We are unable to find any justification of why an experienced attorney such as Mr. Frommer[3]—who handled a similar appeal just last year in the matter of *Wag More Dogs, Ltd. Liab. Corp. v. Cozart*, 680 F.3d 359 (4th Cir. 2012)—would come to harbor such a belief. After all, it is common knowledge that the CM/ECF system automatically generates a NEF e-mail every time a document is filed. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 406 n.1 (4th Cir. 2010). And we can find nothing in Central Radio's response/reply brief that offers any justification for the decision to sit and wait rather than investigate the missing confirmation.

Other courts have come to the same conclusion as the Third Circuit Court of Appeals. In *New York Times Co. v. U.S. Dep't of Homeland Sec.*, No. 12 Civ. 8100(SAS), 2013 WL 2952012 (S.D.N.Y. Sept. 13, 2013), the defendant attempted to file a notice of appeal on the afternoon of the last day before the deadline. *Id.* at *5. Although it believed that the filing was successful, it was not. *Id.* The error was attributed to "either a technical glitch or some good faith human error." *Id.* The Court denied a request to extend the time to file due to "excusable neglect,"

---

[3] It is inherent to the City's appeal that we argue that Central Radio's attorneys, including Mr. Frommer, made certain errors that contributed to missing the filing deadline. These statements are not intended to disparage or impugn Mr. Frommer's professionalism or integrity and we would like the record to reflect that in his interactions with the City's attorneys he has conducted himself in a manner consistent with the expectations and ethics of his profession.

7

reciting a list of the multiple ways that a filer is made aware when his attempt has

been successful:

> It is undisputed that the Government failed to confirm that its filing
> was successful.  The Government routinely files on ECF and is well
> aware of the multiple confirmations that follow a successful filing.
> *First*, the ECF system displays a confirmation page on the filer's
> computer screen showing that the filing is complete.  *Second*, the
> system sends an email notification of the filing to all attorneys on the
> case.  *Third*, in the case of a filing of a notice of appeal, the system
> sends an email notification to all counsel when the notice is
> transmitted to the Second Circuit.  The Government admits that it is
> well aware of these notifications, which are transmitted the day of the
> filing, "as quickly as a minute later."  The Government, therefore,
> missed at least three red flags that would indicate a filing failure.

*Id*. at *6 (emphasis in original, footnotes omitted).  That the error did not prejudice

the other party, that no undue delay would result, and that the tardy party acted in

good faith did not alter the result.  *Id*.  Furthermore, the mistake was not made any

more excusable because the defendant "waited until the eleventh hour to file," *id*.,

leaving no time to correct it.  By contrast, Central Radio had nearly *four days* to

correct its error, making its decision to "wait[] to receive a notice from the Fourth

Circuit that the appeal had been docketed", (J.A. 1327), all the more inexplicable.

The district court for the Western District of Pennsylvania was nearly as

strict in its treatment of a would-be filer that missed a mandatory deadline.  *See*,

*Ash Trucking Co., Inc. v. Global Indus. Technologies, Inc.*, No. 07-1443, 2008 WL

437028 (W.D. Pa. Feb. 14, 2008).  In that case, a party missed a deadline to file a

Statement of Issues on Appeal in a bankruptcy matter.  *Id*. at *2.  It claimed that

the error was "excusable" on the grounds that the attorney intended to file, "but sheer electronic inadvertence apparently caused that document not to be included with the filing…." *Id*. at *3. Understandably, the court was perturbed:

> I am not sure what "sheer electronic inadvertence" even means. Counsel has the responsibility to ensure that he has filed what he thought he filed. Clearly, it is not due to any computer inadvertence, but rather the lack of diligence and responsibility of counsel to monitor the docket and *make sure he has filed that which he "intended" to file*. Blaming the failure to file on the computer or an electronic system further shows a lack of willingness to accept responsibility for counsel's error.

*Id*. (emphasis added). Just like the cases which arise under Rule 4(a)(5), the "diligence and responsibility of counsel" requires more than simply *intending* or *trying* to file. Some affirmative act designed to ascertain whether the task was actually *accomplished* is necessary. *See*, *e.g.*, *In re Sands*, 328 B.R. 614, 619 (Bankr. N.D.N.Y. 2005) (rejecting debtor's claim that bankruptcy petition was filed before foreclosure sale deadline because attorney logged onto CM/ECF filing system eleven minutes prior to sale, holding that filing was late since the petition was not actually submitted until after the deadline and stating, "What debtor's counsel cannot do is simply log on to the CM/ECF system and expect the Court to deem such a log on as the equivalent of filing."); *In re KMart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004) (refusing to find excusable neglect when proof of claim was filed one day after deadline due to fact that office staff accidentally mailed the document via two-day delivery rather than next-day delivery, having received

9

evidence that counsel "took no steps to follow up with the clerk to ensure that the proper procedures were used" and "could have taken at least two simple measures to verify that her proof of claim arrived on time" but failed to do so.)

Returning to the case at bar, Central Radio's attorneys took *no action at all* after Ms. Perez was given the draft notice of appeal, a credit card for payment of fees, and the instruction to file. Most importantly, there is no indication that any of them tried to square the fact that Perez reported that the filing was complete with the fact that no NEF confirmation of such had arrived via e-mail. Had any investigation of the missing confirmation been conducted, Perez's error would surely have been uncovered, likely well before the filing deadline.

B.     The authority relied upon by Central Radio is readily distinguished from the instant case.

Before concluding, we think it is appropriate to explain some of the results in other cases upon which Central Radio relies in support of its position that a computer error constitutes excusable neglect. We certainly do not quarrel with its observation that some courts have found that the occurrence of a computer error can sometimes result in "excusable neglect" under various federal rules. Central Radio cites seven instances where this occurred. (Resp. and Reply Br. of Appellants/Cross-appellees 13-14). However, a thorough review of these cases reveals that each of them are either plainly distinguishable or inapposite to the question of attorney inattentiveness which appears in the instant case.

10

The only case arising in the Fourth Circuit is *McGee v. Va. High Sch. League, Inc.*, No. 2:11cv00035, 2011 WL 6012937 (W.D. Va. Dec. 2, 2011). The case was initiated by a complaint which failed to state any claim upon which relief could be granted. *McGee v. Va. High Sch. League, Inc.*, No. 2:11cv00035, 2011 WL 4501035, at *5 (W.D. Va. Sept. 28, 2011), *aff'd sub nom.*, *Bailey v. Va. High Sch. League, Inc.*, 488 F. App'x 714 (4th Cir. 2012). As a result, the case was dismissed at its outset. *Id.* Following the dismissal, a paralegal who was assisting the plaintiff's counsel attempted to file a notice of appeal but misinterpreted a message on the CM/ECF system as a confirmation that the notice had been filed. *McGee v. Va. High Sch. League, Inc.*, No. 2:11cv00035, 2011 WL 6012937, at *1 (W.D. Va. Dec. 2, 2011). In fact, the message only confirmed payment of the filing fee. *Id.* The district court for the Western District of Virginia found that the error amounted to excusable neglect and extended the time for filing the notice of appeal. *Id.* at *2. The defendant did not appeal this ruling. *See Bailey v. Va. High Sch. League, Inc.*, 488 F. App'x 714, 715 (4th Cir. 2012).

It is important to note that the document which was misconstrued as a confirmation of filing in *McGee* is very different from the one received by Perez in the present case. The *McGee* document actually contains information about the case: the case number, the case name, and the phrase "Notice of Appeal." (J.A. 1302). By contrast, the e-mail Perez received contains *no information at all* about

11

the case, nor does it mention anything about any "notice of appeal." (J.A. 1256). Furthermore, the document in *McGee* somewhat resembles the NEF confirmation generated by the CM/ECF system after filing. (J.A. 1302). The same cannot be said about the e-mail sent to Perez, which states "Your payment has been submitted to Pay.gov and the details are below." (J.A. 1256). Central Radio's assertion that the document Perez received is equally as misleading as the one which caused confusion in *McGee*, (Resp. and Reply Br. of Appellants/Cross-appellees 14-15), overlooks these meaningful differences.

Some of the other cases relied upon by Central Radio arise in circuits that use different tests for determining "excusable neglect" than this Court. The Federal Circuit applies is own jurisprudence to Rule 4(a)(5) and permits a finding of excusable neglect when a late filing is "caused by inadvertence, mistake, or carelessness." *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 243 F.3d 560, 2000 WL 1375270, at *5 (Fed. Cir. 2000). When plaintiff's counsel tried to file an appeal but inadvertently logged off of the website before reaching the final confirmation, the Federal Circuit remanded the case because the facts "made a strong showing of excusable neglect," leaving it to the district court to make a final ruling on the question. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350-52 (Fed. Cir. 2008). Unlike Central Radio's situation, nothing suggests that the attorney for Gilda Industries stood idly by for several days after the attempt to file

failed.  To the contrary, the attorney exercised exactly the sort of diligence and responsibility that one would expect:

> The following day, when counsel realized he had not received the standard email notification that a filing had been received, counsel again logged on to the electronic filing website.  Upon discovering that the notice of appeal had not been recorded as filed, counsel once again completed the electronic form to file the notice and made the required payment.  This time, the filing was received and recorded as docketed by the Court of International Trade.

*Id.* at 1350.  Had any of Central Radio's attorneys investigated the absence of the "standard email notification that a filing had been received" and made the same effort as Gilda Industries' attorney to refile the next day, the notice of appeal would have been timely, since the window to appeal did not close until midnight on Friday, June 14th.  Instead, they elected to do nothing.

Because the facts in *Gilda Indus., Inc.* demonstrate a *higher* degree of diligence by the attorney and because the Federal Circuit's standard for finding "excusable neglect" is not as strict as the Fourth Circuit's, it does not follow that the conclusion reached in that case justifies the district court's grant of Central Radio's motion.

Another case relied upon by Central Radio, *Abuelyaman v. Illinois State Univ.*, No. 07-1151, 2010 WL 4365829 (C.D. Ill. Oct. 25, 2010), also involves facts which are devoid of the sort of lapse in diligence that the district court specifically found in Central Radio's case.  There, the attorney attempted to file a

13

notice of appeal electronically one day before the deadline. *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 808 (7th Cir. 2011). Unfortunately, something went awry and the document was not properly filed. *Id*. The Seventh Circuit Court of Appeals found the district court's ruling that the error qualified as "excusable neglect" was not an abuse of its discretion. *Id*. And while the court believed that "counsel's suspicions should have been aroused when she failed to receive a standard electronic confirmation," *id.*, the fact that the error occurred on the last day before the deadline left very little time, as a practical matter, to investigate and correct the error. Also, the Seventh Circuit utilizes a more lenient standard for finding "excusable neglect."

> [U]nder appropriate circumstances, failure to learn of the entry of judgment will support a finding of excusable neglect, as will uncontrollable delays in the delivery of mail, unpredictable events that affect the delivery of the notice of appeal to the clerk, unpredictable events that affect the feasibility of appeal, and plausible misconstructions, but not mere ignorance, of the law or rules.

*Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 602 (7th Cir. 1987). The Fourth Circuit is not as accommodating. *See*, *e.g.*, *Thompson v. E.I. DuPont de Nemours & Co., Inc*., 76 F.3d 530, 535 (4th Cir. 1996) (uncontrollable delay in the delivery of notice of appeal sent by mail held not to constitute excusable neglect); *Id*. at 533, (stating that misconstructions of rules generally do not constitute excusable neglect); *but see United States v. Reyes*, 759 F.2d 351, 353-54 (4th Cir. 1985) (allowing a *criminal* defendant to show excusable neglect based on mail delay).

14

Furthermore, the Fourth Circuit's jurisprudence requires an *additional* showing, that "injustice" will result if the neglect is not excused. *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011). So while *Abuelyaman* demonstrates one circuit's approach to a situation involving an electronic filing error, is provides little guidance on how to apply the Fourth Circuit's approach and no help at all as to how to treat an electronic filing error that should have been noticed because it occurred *several days before the deadline*, as in the instant case.

Central Radio also relies on the Sixth Circuit case of *Curry v. Eaton Corp.*, No. 1:07-CV-5-R, 2008 WL 4542308 (W.D. Ky. Oct. 9, 2008). There, the appellant attempted to file on time and mistook a confirmation of payment of the filing fee for a confirmation that the appeal itself had been filed. *Id*. at *1. The district court found the neglect to be excusable and allowed the appeal. *Id*. at *2. The defendant challenged this decision solely on the grounds that the attorney should have known that the payment confirmation was not a confirmation of filing. *Curry v. Eaton Corp.*, 400 F. App'x 51, 57 (6th Cir. 2010). It did not assert—as the City expressly has in this case—that the attorney's failure to make any inquiry into why a NEF confirmation e-mail had not been received contributed to the tardiness. (*See* Br. of Appellee/Cross-appellant 16-18, 21). Furthermore, the Sixth Circuit appears to use a more deferential standard than the Fourth. It will find that the district court abused its discretion "only where we have a 'definite and firm

15

conviction that the trial court committed a clear error in judgment.'" *Curry v. Eaton Corp.*, 400 F. App'x 51, 57 (6th Cir. 2010) (citing *United States v. City of Warren*, 138 F.3d 1083, 1095 (6th Cir. 1998)).  In contrast, this Court may find an abuse of discretion "when a district court fails 'to take into account judicially recognized factors constraining its exercise,' or when its action is tainted 'by erroneous factual or legal premises.' *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 218 (4th Cir. 2011) (citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)). Thus, it is not at all clear that the same result in *Curry* would obtain if the defendant raised the questions about attorney diligence that City has raised in the present dispute or if the Fourth Circuit's less deferential standard for reviewing a district court's "excusable neglect" ruling had been employed.

The remaining cases, mentioned in a footnote in Central Radio's response/reply brief, also are readily distinguished upon careful review.  In *Salts v. Epps*, 676 F.3d 468 (5th Cir. 2012), a party missed a deadline for filing objections to the magistrate judge's findings and recommendations.  *Id*. at 474.  The reason for the delay was "a malfunction in the electronic court filing (ECF) system." *Id*. But in Central Radio's case, there was *no* evidence of any technical error in the CM/ECF system.  (J.A. 1329).  Had evidence of an error been established, the City undoubtedly would not have refused Central Radio's request that it agree to an extension, let alone challenge the district court's decision.  But because the facts

demonstrated that counsels' lack of diligence was an operative factor in the delay—something not at issue in *Salts*—it became apparent that Central Radio's reason for requesting more time to appeal did not satisfy the high standard this Court set in its *Symbionics Inc.* decision.

And just as *Abuelyaman* was decided in a circuit with a different "excusable neglect" test than the Fourth Circuit, so too was *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009). In the Eleventh Circuit, omissions caused by carelessness constitute "excusable neglect." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Filing errors resulting from miscommunications among attorneys are also excusable. *Id.* In the Fourth Circuit, these types of neglect have be found to *not* be excusable. *See Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (finding that carelessness was not grounds for excusable neglect); *United States v. Commonwealth of Va.*, 508 F. Supp. 187, 192-93 (E.D. Va. 1981) (finding that miscommunication among attorneys was not grounds for excusable neglect); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (stating that administrative failure is generally held to fall short of the necessary showing for excusable neglect). Had the facts in *Dental Ass'n v. Anthem Health Plans, Inc.* been measured against the standards of *Symbionics Inc.* and *Thompson*

17

*v. E.I. DuPont de Nemours & Co., Inc*., 76 F.3d 530 (4th Cir. 1996), we submit that the neglect would have been considered simple neglect, not "excusable".

The last case Central Radio identifies in support of its position is a district court opinion, *Kucik v. Yamaha Motor Corp., U.S.A.*, No. 2:08-CV-161-TS, 2009 WL 3401978 (N.D. Ind. Oct. 16, 2009). In that case, the plaintiff failed to file a timely response to the defendant's motion to dismiss. *Id*. at *1. He missed the deadline because his attorney was unaware that the motion had been filed, having not received service through the CM/ECF system. *Id*. The district court granted plaintiff's request for a filing extension, *id*. at *3, apparently on the grounds that the neglect was excusable. In so doing, the court noted that the record did *not* show that the delay was due to "inattentiveness", since there was no obligation on counsel to continually check the docket to search for new filings. *Id*. at *2. The Fourth Circuit takes the same approach, eschewing a rule that would impose a "general duty to monitor dockets" on parties who stand at the receiving end of filings. *See Fernandes v. Craine*, No. 13-1298, 2013 WL 4427809 (4th Cir. Aug. 20, 2013).

Central Radio's situation is quite different. First, there *is* evidence showing inattentiveness of counsel, manifest in counsel's decision to wait "to receive a notice from the Fourth Circuit that the appeal had been docketed," (J.A. 1327), and failure "to seek confirmation until after the deadline for appeal had expired", (J.A.

18

1329).  Second, Central Radio had *every reason* to expect to receive a confirmation e-mail from the CM/ECF system.   After all, they themselves knew what the corporation was attempting to file and when the attempt was made.

Neither the result in *Kucik* nor the rule expressed in *Fernandes* relieves the party who is *submitting* a filing from its duty to ensure that it actually filed what it tried to file.  The plaintiff in *Kucik* received no e-mail notification that a motion to dismiss had been filed but had no reason to believe something had been filed.  *Id*. at *1-2.  By contrast, Central Radio received no e-mail notification that the notice of appeal had been filed but had *complete and instantaneous* information indicating that a filing had been attempted.  A case like *Kucik*, where the party claiming excusable neglect can show that he had no knowledge of an impending deadline, offers no authority for how the district court should have resolved the motion by Central Radio, since it indisputably had knowledge of the impending deadline for filing an appeal.  It is cases such as *Ragguette*, *New York Times Co.*, and *Ash Trucking Co., Inc.*, discussed above, that are on point and adhere to the principle that a party who fails to ensure that it has actually filed what it has attempted to file falls short of the standard of diligence and responsibility required under the "excusable neglect" test.

In summary, the problem Perez encountered when she started the filing process is not remarkable.  Given the issues with computers that we all know to

arise from time to time—whether attributable to software, hardware, data transmission lines, an internet service provider, or user error[4]—it is likely that, every year, thousands of attempts to file a document in a federal court result in some defect that interrupts completion. The reason why nearly all of these errors get corrected is because of the CM/ECF confirmation mechanism. A would-be filer cannot responsibly conclude that his filing is complete unless and until the NEF confirmation e-mail is received. *See U.S. Dist. Ct. E. Dist. of Va. Electronic Case Filing Policies and Procedures* p. 32 (Nov. 1, 2010). But Central Radio's three attorneys never received that e-mail. Nevertheless, a decision was made to stand pat and wait for more than three days, without endeavoring to make any inquiry as to how it was that a document could successfully be filed in the district court without any CM/EFC confirmation being provided to any of them.

In the end, we believe that Central Radio's counsels' failure to conduct some inquiry into why none of them received a confirmation e-mail did not present the sort of "*extraordinary case*" where the district court applying the standards set forth in this Court's precedents could find excusable neglect. Any number of inquiries would have sufficed, all of them speedy and simple: asking Perez for a

---

[4] These problems are exactly the sort that are generally classified as "[p]roblems on the filing users' end." *U.S. Dist. Ct. E. Dist. of Va. Electronic Case Filing Policies and Procedures* p. 29 (Nov. 1, 2010). Such problems do *not* excuse an untimely filing. *Id.* Users who encounter a problem with software "**are still expected to file both timely and electronically**." *Id.* (emphasis in original).

20

copy of the e-mail she received, calling the clerk's office, logging onto the court's case management system, calling opposing counsel to see if they had received a confirmation, or even reviewing the court's Electronic Case Filing Policies and Procedures to determine whether there was any support for counsel's assumption that "next confirmation [he] would receive would be in the form of the docketing notice issued by the Fourth Circuit."  Yet none of these actions were taken.

Both precedential authority (*Symbionics Inc.* and *Thompson*) and the rulings of other courts (*Ragguette*, *New York Times Co.*, *Ash Trucking Co., Inc.*, *In re Sands*, and *In re KMart Corp*) suggest that a finding of "excusable neglect" requires that the tardy party make some showing that they *tried* to ascertain whether their attempt to file had succeeded.  To fail to do so demonstrates inattentiveness in the nature of simple neglect, not excusable neglect.

## **CONCLUSION**

For all of the foregoing reasons, the City renews its request that the district court's grant of the motion for extension be reversed and Central Radio's appeal (Record No. 13-1996) be dismissed for lack of jurisdiction.

**CITY OF NORFOLK**

/s/ Adam D. Melita
Adam D. Melita
Virginia Bar Number 41716
Attorney for City of Norfolk
City Attorney's Office
810 Union Street
Norfolk, VA 23510
Phone: 757-664-4366
Fax:  757-664-4201
adam.melita@norfolk.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*5,617*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>December 23, 2013</u>      <u>/s/ Adam D. Melita</u>
                                        *Counsel for Appellee/Cross – Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 23rd day of December, 2013, I caused this Reply Brief of Appellee/Cross – Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Robert P. Frommer, Esq. (VA Bar No. 70086)
> Michael E. Bindas (WA Bar No. 31590)*
> Erica Smith (NY Registration No. 4963377)*
> 901 North Glebe Rd., Suite 900
> Arlington, VA 22203-1854
> E-mails:    RFrommer@ij.org
>                 MBindas@ij.org
>                 ESmith@ij.org
> Attorneys for Appellants/Cross-Appellees
> *Admitted Pro Hac Vice

I further certify that on this 23rd day of December, 2013, I caused the required copies of the Reply Brief of Appellee/Cross – Appellant to be hand filed with the Clerk of the Court.

> /s/ Adam D. Melita
> *Counsel for Appellee/Cross – Appellant*